IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLARENCE RANDLE,

    Petitioner,                    No. CIV S-09-1386 EFB P

    vs.

BOARD OF PRISON TERMS, et al.,

    Respondents.             ORDER

_____/

    Petitioner, a county prisoner proceeding without counsel, seeks a writ of habeas corpus. *See* 28 U.S.C. § 2254. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to petitioner's consent. *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(4).

    Petitioner seeks leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a). Examination of the *in forma pauperis* affidavit reveals that petitioner is unable to afford the costs of suit.

    Petitioner filed his original petition on May 19, 2009. Dckt. No. 1. Thereafter, petitioner filed the following documents: 1) a "Complaint of invalid conditions imposed by Board of Prison Terms"; 2) a "Prayer for relief"; and 3) a "Memorandum of Points and Authorities in Support of Invalid Conditions Imposed by Board of Prison Terms" along with supplemental

1

exhibits. Dckt. No. 5, 6, 7, 8. These documents appear to have been filed in an attempt by petitioner to supplement his original petition. In order to amend or supplement a petition, however, the changed pleading must be "complete in itself without reference to he prior of superseded pleading." L.R. 220. Petitioner's piecemeal filings failed to comply with the Local Rules.

On November 24, 2009, petitioner filed an amended petition, which appears to be complete in itself without reference to prior pleadings. Dckt. No. 10. At this point in the proceedings, petitioner may amend his petition for "once as a matter of course" and without leave of court. Fed. R. Civ. P. 15(a); Rule 12, Rules Governing § 2254 Cases. The November 24, 2009 amended petition is therefore the operative pleading in this case, and supercedes the original petition. *See* Local Rule 220. A judge "entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. It is not apparent from the face of the application that the petitioner is not entitled to relief.

On December 8, 2009, petitioner filed a motion for discovery. Dckt. No. 14. "A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure . . . ." Rule 6(a), Rules Governing § 2254 Cases. The party requesting leave to conduct discovery "must provide reasons for the request," and "must also include any prosed interrogatories and requests for admission, and must specify any requested documents." Rule 6(b), Rules Governing § 2254 Cases. Whether a petitioner has established "good cause" for discovery requires the court to determine the essential elements of the petitioner's substantive claim and evaluate whether "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997) (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)). At this time, the court does not find good cause for the discovery proposed by

petitioner, and will deny the motion without prejudice.

Accordingly, it is hereby ordered that:

1. Petitioner's request for leave to proceed *in forma pauperis* is granted.

2. Respondent shall file and serve either an answer or a motion in response to petitioner's application within 60 days from the date of this order. *See* Rule 4, Fed. R. Governing § 2254 Cases. Any response shall be accompanied by any and all transcripts or other documents relevant to the determination of the issues presented in the application. *See* Rules 4, 5, Fed. R. Governing § 2254 Cases.

3. Petitioner's reply, if any, shall be filed and served within 30 days of service of an answer.

4. If the response to petitioner's application is a motion, petitioner's opposition or statement of non-opposition shall be filed and served within 30 days of service of the motion, and respondents' reply, if any, shall be filed within 14 days thereafter.

5. The Clerk of the Court shall serve a copy of this order together with a copy of petitioner's November 24, 2009 amended petition for a writ of habeas corpus with any and all attachments on Michael Patrick Farrell, Senior Assistant Attorney General for the State of California. The Clerk of the Court also shall serve on the Senior Assistant Attorney General the consent form used in this court.

6. The Clerk of the Court is directed to terminate docket number 6.

7. Petitioner's December 8, 2009 motion for leave to conduct discovery is denied without prejudice.

Dated: February 11, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE