IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLARENCE RANDLE,

    Petitioner,                                No. CIV S-09-1386 JAM EFB P

    vs.

BOARD OF PRISON TERMS, et al.,

    Respondents.                            <u>FINDINGS AND RECOMMENDATIONS</u>

    Petitioner is a county prisoner seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondents move to dismiss on the ground that this action is untimely and fails to allege sufficient facts to state a federal habeas claim. To the extent petitioner bases his request for relief on alleged violations of state law, respondents seek dismissal of those state law claims. Alternatively, respondents move for a more definite statement under Federal Rule of Civil Procedure 12(e). For the reasons explained below, respondents have not shown the petition to be untimely. However, the petition lacks sufficient factual specificity, as it is currently impossible to determine precisely what actions by respondents the petitioner is challenging in the instant petition. Further, to the extent petitioner claims that the Ninth Amendment, various state-law provisions, and biblical law have been violated, such claims are not viable and should therefore be dismissed. Accordingly, the undersigned recommends that respondents' motion to dismiss be

1

granted as provided below.

## I. Background[1]

After serving a prison sentence on a domestic violence conviction, petitioner was released on parole in 2006 subject to a special condition that he not contact his wife (hereinafter, the "no-contact condition").  Am. Pet., Dckt. No. 10, at 3-4 & Ex. C; Supp. Exs., Dckt. No. 8, Ex. B.  Petitioner has been charged with violating that condition and re-incarcerated numerous times.  Supp. Exs. No. 8, Ex. B; Am. Pet. at 4.  Most recently, the no-contact condition was reimposed upon petitioner's release in February or March of 2009, and petitioner was given an 8-month sentence after having been found to have violated the condition on May 27, 2009.  Supp. Exs., Ex. B; Am. Pet. at 4.  In the instant petition, petitioner alleges that the no-contact condition was invalid as violative of the 1st, 5th, and 9th Amendments to the federal Constitution, and thus respondents unlawfully revoked his parole based on his violation of the allegedly invalid condition.  Am. Pet. at 5, 9; Mem., Dckt. No. 7, at 1-3; "Complaint," Dckt. No. 5, at 1-2.

## II. Statute of Limitations

As a threshold matter, respondents argue that the petition is time-barred.  A one-year limitation period for seeking federal habeas relief begins to run from the latest of the date the judgment became final on direct review, the date on which a state-created impediment to filing is removed, the date the United States Supreme Court makes a new rule retroactively applicable to cases on collateral review or the date on which the factual predicate of a claim could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1).

There is no tolling of this one-year period "from the time a final decision is issued on direct state appeal [to] the time the first state collateral challenge is filed."  *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).  However, once a petitioner properly files a state post-

---

[1] These facts are gathered from the Amended Petition (Docket No. 10) and various supplemental documents filed by petitioner (Docket No. 5 "Complaint of Invalid Conditions"; Docket No. 7 "Memorandum"; Docket No. 8 "Supplemental Exhibits").

2

conviction application the period is tolled, and remains tolled for the entire time that application is "pending." 28 U.S.C. § 2244(d)(2). "[A]n application is properly filed when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). In California, a properly filed post-conviction application is "pending" during the intervals between a lower court decision and filing a new petition in a higher court. *Carey v. Saffold*, 536 U.S. 214, 223 (2002).

Finally, a federal habeas petition does not toll the limitations period under 28 U.S.C. § 2244(d)(2). *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

The one-year limitations period may, in some circumstances, be subject to equitable tolling. The United States Supreme Court has recognized that a habeas petitioner "seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). In light of this pronouncement, the Ninth Circuit has clarified its own standard as follows:

> The threshold for obtaining equitable tolling is very high, but it applies where a petitioner shows that despite diligently pursuing his rights, some extraordinary circumstance prevented him from timely filing.

*Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009). Petitioner has the burden of showing facts entitling him to equitable tolling. *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

Respondents contend that the limitations period on petitioner's claims began to run on June 7, 2006, the day after the no-contact condition was initially imposed on him, because that is the date that the factual predicate of petitioner's claims could have been discovered under § 2244(d)(1)(D). Thus, respondents argue, the time to file the instant petition expired on June 7, 2007, and the petition – filed on May 19, 2009 and amended November 24, 2009 – is untimely.

////

////

3

It does appear that petitioner may wish to challenge the legality of each of five revocations (dated September 18, 2006, August 7, 2007, February 8, 2008, June 5, 2008, and May 7, 2009[2]), as he requests that the court order respondents to subtract the time he has spent incarcerated due to each revocation from his controlling discharge date. Am. Pet. at 16. As some of these actions occurred more than a year before the date the petition was filed, some of the claims for relief may be barred by the limitations period. However, the no-contact condition was reimposed on petitioner, and his parole revoked for violation thereof, less than one year before the filing of the petition (in March and May of 2009, respectively). Respondents have cited no authority for the proposition that the limitations period under AEDPA begins to run when a parole condition is initially imposed, rather than when it is later reimposed or when parole is actually revoked.[3] Nor have respondents exposited any argument supporting that position. Thus, respondents have not shown that petitioner's claims that the no-contact condition is unconstitutional and that the revocation(s) of parole occurring within one year prior to the filing of the petition were thus unlawful are time-barred. Accordingly, the petition should not be entirely dismissed as untimely.

### III. The Amended Petition Fails to State Sufficient Facts

Respondents next argue that the petition fails to state facts sufficient to state a claim for federal habeas relief, because "he does not state any facts regarding how his rights were violated," including "facts regarding the alleged contact with his wife, a parole revocation hearing or what transpired, or even on what basis his federal rights were violated during such a

---

[2] These dates are taken from the Amended Petition, but it is not clear whether they correspond to the date that petitioner's parole was actually revoked or the date he was charged with violating his parole. For example, the last date cited by petitioner is May 7, 2009, and other documents filed by petitioner show that this is the date he was most recently charged with violating parole and that he was found guilty of that charge on May 27, 2009. Supp. Exs., Dckt. No. 8, Ex. B; Am. Pet., Dckt. No. 10, at 4.

[3] In fact, respondents argue elsewhere in their motion that a challenge to a condition of parole rather than its revocation is not cognizable on federal habeas as not affecting the fact or duration of confinement.

hearing." Resps.' Mot. to Dism., Dckt. No. 26, at 4.  The court has reviewed the amended petition and concludes that it apprises respondent of much of the basis of petitioner's claims, clearly alleging that the imposition of the no-contact condition violated the 1st, 5th, and 9th Amendments to the federal Constitution and the revocation of parole based thereon was therefore unlawful. Dckt. No. 10, Am. Pet. at 3-5, 9.  Petitioner raises no challenge to the procedures employed at his revocation hearing; rather he claims that the revocation was unlawful because the no-contact condition was constitutionally infirm.  Facts regarding the method in which petitioner violated the allegedly unconstitutional condition and the conduct of the revocation hearing are not necessary to support this claim.

While the petition does apprise the court and respondent of many of the facts and the constitutional provisions petitioner believes have been violated, it fails to state a claim under the Ninth Amendment as a matter of law.  The Ninth Amendment provides simply, "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people."  U.S. CONST., amend. 9.  It "has not been interpreted as independently securing any constitutional rights for purposes of making out a constitutional violation." *Schowengerdt v. United States*, 944 F.2d 483, 490 (9th Cir. 1991).  Thus, petitioner's claim under the Ninth Amendment should be dismissed.

Further, as noted in the previous section, the amended petition is not clear as to which parole revocations petitioner wishes to challenge.  In addition, petitioner has placed many of his allegations in supplemental pleadings rather than in the petition itself.  Under Local Rule 220, the petition must be complete in itself, without reference to supplemental pleadings or exhibits. Because it is impossible to determine which parole revocations petitioner wishes to challenge, the court should grant respondents' motion to dismiss with leave to amend so that petitioner may file a second amended petition to clarify precisely what acts he wishes to challenge.  In the second amended petition, petitioner should state clearly whether he wishes to challenge each of the five parole revocations or merely the most recent revocation.  If petitioner wishes to

5

challenge all of the revocations, he should provide the dates on which parole was revoked each time, so that respondents can evaluate any limitations or exhaustion issues raised by such claims. Additionally, the second amended petition must include all allegations that petitioner wishes the court to consider as part of the petition, rather than submitting such allegations piecemeal in supplemental briefs.[4]

**IV. Non-Cognizable Claims**

The Amended Petition cites numerous state-law provisions, and it appears that petitioner seeks relief, in part, based on such authorities. For example, petitioner argues that the no-contact condition is unlawful because it was not requested by his wife as required by California law. Am. Pet. at 13-14. As claimed violations of state law are not cognizable on federal habeas, petitioner's claims that the no-contact condition violated state law should be dismissed without leave to amend. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Petitioner also cites Bible passages as authority supporting his petition. Claimed violations of biblical law are not cognizable on federal habeas. 28 U.S.C. § 2254(a) (providing that federal habeas relief is available "only on the ground that [the prisoner] is in custody in violation of the Constitution or laws or treaties of the United States."). Thus, any claims based on alleged violations of "biblical law " must be dismissed without leave to amend.

**V. Conclusion and Recommendations**

Respondents have not shown that the petition is untimely, but have shown that it lacks factual specificity, and accordingly the motion to dismiss the petition should be granted. Petitioner should be given the opportunity to file a second amended petition informing respondents of each instance of allegedly unlawful conduct that petitioner wishes to challenge.

////

---

[4] Petitioner has submitted one such supplemental brief with the heading, "Motion for Leave to File a Supplemental Brief." Dckt. No. 21. The undersigned recommends denying that motion as moot in light of the recommendation that the petition be dismissed with leave to amend to file a second amended petition including all allegations.

6

To the extent petitioner seeks relief based on violations of the Ninth Amendment, state law, and/or biblical law, such claims should be dismissed without leave to amend.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondents' April 15, 2010 motion to dismiss be granted, and

    a. Petitioner's claims that respondents have violated the Ninth Amendment, California state law, and biblical law be dismissed without leave to amend.

    b. Petitioner's remaining claims be dismissed with leave to amend, and petitioner be given leave to file a second amended petition clarifying which act or acts petitioner wishes to challenge and the date(s) of such act or acts and stating his claims completely without reference to supplemental briefing within 30 days of service of an order by the district judge adopting these findings and recommendations.

2. Respondents be directed to file a response to the second amended petition within the time provided by Federal Rule of Civil Procedure 12(a).

3. Petitioner's March 9, 2010 motion for leave to file a supplemental brief (Docket No. 21) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 14, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE